# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE: COTTONPORT MONOFILL, L.L.C            CASE NO. 15-8

---

## EMERGENCY MOTION FOR USE OF CASH COLLATERAL

**NOW INTO COURT**, through undersigned counsel, comes Cottonport Monofill, L.L.C., who respectfully represents that:

1.

February 9, 2015, mover filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code. It remains in possession of its assets and continues to operate its business in accordance with 11 USC 1107(a) and 11 USC 1108.

2.

Among the assets of debtor's estate are assets which it believes may be subject to liens in favor of the Union Bank and the United States of America, Department of Treasury - Internal Revenue Service.

3.

Prior to the filing of this case, debtor operated as a company that purchased waste or used tires and processed, shredded, stored, sold, and disposed of used tires and their components, in the Central Louisiana area, specifically located in Cottonport, Avoyelles Parish, Louisiana.

4.

Mover's assets include immovable property [real estate], movable property including equipment, cash accounts and accounts receivables which it believes are

subject to liens in favor of the Union Bank and the United States of America, Department of Treasury - Internal Revenue Service.

5.

The debtor believes that the assets have a fair market value in the approximate amount of $4,000,000.00

6.

The amount owed to the Union Bank and the United States of America, Department of Treasury - Internal Revenue Service is substantially less than that amount, and it is also secured by the guaranty of the officers and members of the debtor.

7.

Upon information and belief, the Union Bank has liens, ranking first, on substantially all of the assets of the Debtor, which may be "cash collateral" as that term is defined in 11 USC 363. The United States of America, Department of Treasury - Internal Revenue Service as a line on the assets of the debtor which is inferior to that of the Union Bank.

8.

Debtor seeks this Court's authorization to use the assets, including the immovable property [real estate], movable property including equipment, cash accounts and accounts receivables which may constitute "cash collateral" as defined by 11 USC 363(a) pursuant to Sections 362(b)(2), (3) and (4) and Rule 4001 (b) of the Federal Rules of Bankruptcy Procedure, and provide adequate protection thereof with the "equity cushion" in the assets of the Debtor.

9.

The debtor believes the estimate of the value of the assets made by its officers shows that there is a very substantial "equity cushion" in the value of the fixed assets that provides the Union Bank and the United States of America, Department of Treasury - Internal Revenue Service with adequate protection for use by the Debtor of any and all cash collateral affected by their liens, including the immovable property, fixtures, equipment, accounts, and cash, and proceeds thereof.

10.

The Debtor seeks an immediate order on the Motion to consider entry of an interim order pursuant to FRBP 4001 approving the use of Cash Collateral and finding that the "equity cushion" provides adequate protection.

11.

In addition, Debtor requests that a final hearing be scheduled on the Use of Cash Collateral to consider entry of a final order authorizing use.

12.

The Debtor needs to use the cash collateral in the ordinary course of the Debtor's business to pay the expenses of its operation during the course of this case. Unless it is permitted to use cash collateral, the Debtor cannot pay ordinary course of business expenses such as payroll, taxes, utility expenses, inventory and routine equipment purchases, and the like and will cease operations, thereby substantially adversely impacting the Debtor's ability to pay its debts.

13.

As stated herein, debtor operated as a business that purchased waste tires and

processed, shredded, stored, sold, and disposed of waste tires and their components, with its facility located in Cottonport, Avoyelles Parish, Louisiana. The business was founded in 1995 by Max Merritt and debtor commenced operations in 2005.

14.

Debtor sold its product to a third party and thereafter it was paid by the State of Louisiana Department of Environmental Quality for this service on a per unit [tire] basis. The amount paid by the State of Louisiana has not changed in excess of twenty (20) years so the primary source of income for debtor was its sales to private entities for use as fuel.

15.

In December 2014, the primary purchaser of debtor's product declined to purchase any further product due to needed repairs issues at its facility. Accordingly, debtor was forced to cease operations for a period of time. Debtor began the process of obtaining investors or financing from another source and before that could be completed the Union Bank initiated foreclosure proceedings.

16.

Debtor is now informed by its primary purchaser that it has completed repairs and is once again willing to purchase product from the debtor.  Debtor believes that if it is not allowed to once again operate through the use of this cash collateral the market for its product will be taken by other businesses in the same field.

17.

Debtor seeks authority to use the proceeds of post-petition Accounts Receivable to pay all post-petition expenses of operation in the ordinary course of business and to

make other expenditures outside the ordinary course of business as may be authorized by this Court.

18.

Debtor suggests that all legal and equitable rights of the Debtor and the Union Bank and the United States of America, Department of Treasury - Internal Revenue Service be preserved and deemed not waived, including but not limited to:

> (a) Debtor's right to seek a surcharge pursuant to 11 USC 506(c)
> (b) The right of the lienholders to object to any future requests for authorization to use cash collateral
> (c) The rights of the lienholders to resist and defend any attempts to seek a surcharge under 11 USC 506(c) or to assert rights of setoff, compensation, and/or recoupment under 11 USC 553 or otherwise
> (d) The Debtor's right to assert that the proceeds of all Accounts Receivable do not constitute "cash collateral" as defined in Section 363 and that the lienholders are not entitled to adequate protection for the use thereof, and
> (e) The Debtor's right under Sections 510, 544, 545, 547, 548, 549, 559, 551, and 552 of the Bankruptcy Code to avoid and/or prime any lien of the lienholders on the proceeds of all Accounts Receivable.

19.

Rule 4001(b)(2) provides that the Court may conduct a hearing on a motion under Section 363 of the Bankruptcy Code before the expiration of a fifteen (15) day notice period as described therein and may authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing. Pending a final hearing on this Motion the Debtor must use cash collateral until such final hearing is actually conducted.

20.

Accordingly, the Debtor requests that the Court authorize the Debtor's request to use cash collateral forthwith.

21.

The Debtor further proposes that the final hearing be held on Debtor's request to use cash which may be cash collateral, at which time the Debtor will ask the Court to consider entry of a final order.

22.

Debtor submits that the Court's consideration of this Motion forthwith on an interim basis and and final hearing held upon notice as suggested herein is in keeping with Rule 4001(b) respecting the Debtor's use of cash collateral.

23.

No creditors' committee has been appointed in this case and Debtor proposes that notice be given to the Office of the U.S. Trustee and the creditors holding the twenty (20) largest unsecured claims of this Debtor.

**WHEREFORE, DEBTOR PRAYS** that this Court grant this Motion on an Emergency basis, an Interim Order be entered as requested and thereafter a Final Hearing be fixed allowing the use of cash collateral as set forth herein.

**LAW OFFICE OF,**

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**
**P.O. DRAWER 1630**
**ALEXANDRIA, LA  71309**
**ATTORNEY FOR DEBTOR [#13546]**
**PH. #[318] 442-8658**
**Fax: [318] 442-9637**
**rocky@rockywillsonlaw.com**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: COTTONPORT MONOFILL, L.L.C          CASE NO. 15-80159

---

SWORN DECLARATION UNDER PENALTY OF PERJURY

---

**STATE OF LOUISIANA**

**PARISH OF RAPIDES**

The undersigned, Lloyd D. Ward, under penalty of perjury, states that he is the Managing Member of Cottonport Monofill, L.L.C., and that he has read the above and foregoing Emergency Motion for Use of Cash Collateral and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief. He further states that he has been informed and is aware of his obligations as Managing Member of the debtor under Chapter 11 of the United States Bankruptcy Code. He further stated that if this motion is not granted the debtor will likely be prejudiced to the extent that its major customer will be lost to the debtor and the debtor will then have no market for its product.

Signed this 8th day of February, 2015, at Alexandria, Louisiana.

    /S/ LLOYD D. WARD
**LLOYD D. WARD**